**STATE of Missouri, Respondent,**

v.

**Milton BROOKINS, Jr., Appellant.**

**No. 55878.**

Supreme Court of Missouri,
Division No. 2.

March 13, 1972.

Motion for Rehearing or to Transfer to
Court En Banc Denied
April 10, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel P. Reardon, Jr., St. Louis, for appellant.

DONNELLY, Judge.

Appellant, Milton Brookins, was convicted of assault with intent to ravish with malice by a jury in the Circuit Court of the City of St. Louis, Missouri, and his punishment was assessed at imprisonment for a term of ninety-nine years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

The assault occurred on June 29, 1969, in St. Louis, Missouri. Appellant was charged by indictment filed July 15, 1969. Nancy Tresslar, 4924 Buckingham Court, was endorsed on the indictment as a witness. On August 6, 1969, counsel for appellant took the deposition of Nancy Tresslar under the authority of V.A.M.R. 25.10 and 25.11. Nancy Tresslar testified that appellant was at the scene of the crime on the afternoon in question. She also testified that she and her husband were moving to College Station, Texas, on or about September 1, 1969.

The trial began May 11, 1970. The State had made no attempt to secure the attendance of Nancy Tresslar at the trial by having her returned to Missouri under the provisions of the Uniform Law to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings (Missouri: V.A.M.S. §§ 491.-400 to 491.450; Texas: Vernon's Ann. Tex.C.C.P. art. 24.28). The State had attempted, without success, to subpoena Nancy Tresslar at 4924 Buckingham Court, St. Louis, Missouri.

At the trial, the Special Assistant Circuit Attorney, in making his opening statement to the jury, referred to the testimony of Nancy Tresslar. Appellant's counsel immediately interrupted, stated that he assumed the State would attempt to introduce Nancy Tresslar's testimony by deposition, and stated he wanted "to raise an objection to reading into evidence her deposition as a denial of the right secured to this defendant by the Sixth Amendment to the Constitution of the United States, a denial of confrontation of witnesses, the denial of cross examination * * *." The objection was again asserted by reference when the deposition was offered and admitted in evidence, and again in the motion for new trial. Nancy Tresslar was not present at the trial.

In Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), the Supreme Court of the United States found the "petitioner was deprived of his Sixth and Fourteenth Amendment right to be confronted with the witnesses against him at his trial in Oklahoma for armed robbery, at which the principal evidence against him consisted of the reading of a transcript of the preliminary hearing testimony of a witness who at the time of trial was incarcerated in a federal prison in Texas", and said:

"Many years ago this Court stated that 'The primary object of the [Confrontation Clause of the Sixth Amendment] . . . was to prevent depositions or *ex parte* affidavits . . . being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.' Mattox v. United States, 156 U.S. 237, 242–243, 15 S.Ct. 337, 339, 39 L.Ed. 409 (1895). More recently, in holding the Sixth Amendment right of confrontation applicable to the States through the Fourteenth Amendment, this Court said, 'There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal.' Pointer v. Texas, 380 U.S. 400, 405, 85 S.Ct. 1065, 1068, 13 L.Ed. 2d 923 (1965). See also Douglas v.

Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).

"It is true that there has traditionally been an exception to the confrontation requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant. E.g., Mattox v. United States, supra (witnesses who testified in original trial died prior to the second trial). This exception has been explained as arising from necessity and justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement. See 5 Wigmore, Evidence §§ 1395–1396, 1402 (3d ed. 1940); McCormick, Evidence §§ 231, 234 (1954).

"Here the State argues that the introduction of the transcript is within that exception on the grounds that Woods was outside the jurisdiction and therefore 'unavailable' at the time of trial, and that the right of cross-examination was afforded petitioner at the preliminary hearing, although not utilized then by him. For the purpose of this decision we shall assume that petitioner made a valid waiver of his right to cross-examine Woods at the preliminary hearing, although such an assumption seems open to considerable question under the circumstances.

"We start with the fact that the State made absolutely no effort to obtain the presence of Woods at trial other than to ascertain that he was in a federal prison outside Oklahoma. It must be acknowledged that various courts and commentators have heretofore assumed that the mere absence of a witness from the jurisdiction was sufficient ground for dispensing with confrontation on the theory that 'it is impossible to compel his attendance, because the process of the trial Court is of no force without the jurisdiction, and the party desiring his testimony is therefore helpless.' 5 Wigmore, Evidence § 1404 (3d ed. 1940).

"Whatever may have been the accuracy of that theory at one time, it is clear that at the present time increased cooperation between the States themselves and between the States and the Federal Government have largely deprived it of any continuing validity in the criminal law. For example, in the case of a prospective witness currently in federal custody, 28 U.S.C. § 2241(c) (5) gives federal courts the power to issue a writ of habeas corpus *ad testificandum* at the request of state prosecutorial authorities. See Gilmore v. United States, 129 F.2d 199, 202 (C.A. 10th Cir., 1942); United States v. McGaha, 205 F.Supp. 949 (D.C. E.D.Tenn., 1962). In addition, it is the policy of the United States Bureau of Prisons to permit federal prisoners to testify in state court criminal proceedings pursuant to writs of habeas corpus *ad testificandum* issued out of the state court. Cf. Lawrence v. Willingham, 373 F.2d 731 (C.A. 10th Cir., 1967) (habeas corpus *ad prosequendum*).

"In this case the state authorities made no effort to avail themselves of either of the above alternative means of seeking to secure Woods' presence at petitioner's trial. The Court of Appeals majority appears to have reasoned that because the State would have had to request an exercise of discretion on the part of federal authorities, it was under no obligation to make any such request. Yet as Judge Aldrich, sitting by designation, pointed out in dissent below, 'the possibility of a refusal is not the equivalent of asking and receiving a rebuff.' [Barber v. Page, 10 Cir.] 381 F.2d [479] at 481. In short, a witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial. The State made no such effort here, and, so far as this record reveals, the sole reason why Woods was not present to testify in person was because the State did not attempt to seek his presence. The right of confrontation may not be dispensed with so lightly."

There is nothing in the record to indicast the State attempted to return Nancy

Tresslar to Missouri for the trial. Appellant "was deprived of his Sixth and Fourteenth Amendment right to be confronted with the witnesses against him * * *." We cannot permit the judgment to stand. Barber v. Page, supra; Article VI, Constitution of the United States.

We recognize that the practical effect of Barber v. Page, supra, upon our Rule 25.12 (until it is amended) is that a deposition, if otherwise admissible, may be used if it appears: (1) that the witness is dead, or (2) that the party offering the deposition has made a good-faith effort to obtain the presence of the witness at trial.

We question whether the deposition testimony of Nancy Tresslar, *not* taken under the authority and within the limitations of Article 1, § 18(b), Const. of Missouri, V.A.M.S., and V.A.M.R. 25.13, was "otherwise admissible" in behalf of the State at trial. However, the question was not raised, has not been briefed, and we do not decide it on this appeal.

The judgment is reversed and the cause remanded for new trial.

MORGAN, P. J., HENLEY, J., and SHANGLER, Special Judge, concur.