**Donald L. DIXON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40733.**

Missouri Court of Appeals,
Western District.

Nov. 15, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 27, 1988.

Application to Transfer Denied
Feb. 14, 1989.

 

James R. Hobbs of Linde Thomson Langworthy Kohn & Van Dyke, P.C., Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

This is an appeal from the denial, without an evidentiary hearing, of movant's Rule 27.26 motion for post-conviction relief. Movant claims that his trial counsel was ineffective, and that the trial court denied him due process and a fair trial by not providing "use" immunity to certain witnesses.

The judgment is affirmed in part and reversed in part.

A jury convicted movant of two counts of murder in the first degree, two counts of armed criminal action, one count of robbery in the first degree, and one count of burglary in the first degree. He was sentenced to life imprisonment for each of the two counts of murder, three years imprisonment for each of the two counts of armed criminal action, and ten years imprisonment for the one count of robbery. Each sentence for armed criminal action was made to run concurrently with the murder sentences, and the sentence for robbery was made to run concurrently with one of the murder sentences. These convictions were affirmed on direct appeal in *State v. Dixon*, 716 S.W.2d 815 (Mo.App.1986).

Movant's convictions arose out of the robbery and murder of an elderly couple in their home on Paseo Boulevard in Kansas City, Missouri. Charged separately in the crime were movant and three of his friends, James (Eddie) Bowman, Anthony Lytle, and Jon Smith. At trial, the state introduced a letter which movant had written to Lytle. The letter, in pertinent part, reads:

Anthony I need you now bad because all they have is those tennis shoes and my statement in which I lied for all of you. Anthony, I want you to know that

they can't give you any more time, so if you tell them you wore the tennis shoes, nothing will happen.... Anthony, please help me, and when you come back on appeal, tell your lawyer I will come to trial on your behalf. Anthony, help me and I'll help you. At this point I know you don't care what happens to us, but we care what happens to you. *Anthony, you should never have told them you seen Eddie kill the people,* but after you go down and we go to trial, we all will be back sooner than anyone thinks if we all stick together. Write back and let me know if you will help me. (Emphasis added.)

The letter, which was read aloud to the jury, was admitted into evidence without objection.

Prior to closing arguments, movant's trial counsel told the court that he had filed a motion in limine to prevent the prosecutor from using the letter to argue the truth of Lytle's statement—referred to in the letter—that Bowman killed the occupants of the home. In response, the court made the following finding about the letter:

The exhibit 89 is a statement of the defendant, and the jury can draw whatever reasonable inferences they choose to do so from that statement that the defendant made, and counsel will be allowed to argue that the defendant made such a statement of a person whom he has testified he was acting with that night, and so the Court will allow argument in that regard, but it will not allow any argument that Anthony Lytle made such a statement.

Following his conviction, movant filed a Rule 27.26 motion, which alleged that his trial counsel was ineffective for failing to object to the admission of the letter into evidence. The hearing court overruled his motion without an evidentiary hearing, and made the following finding concerning the letter:

[A]s regards Movant's allegations concerning failure to object to introduction of Movant's letter and portions that referenced statements by co-defendants, counsel filed a Motion in Limine on May 15, 1985, dealing with this matter. The Court ruled on it on the record May 16, 1985, at page 298 of the Trial Transcript. The Court ruled that the letter (exhibit 89) was a statement of the Defendant and that the jury could draw whatever reasonable inferences they chose to from the statement of Defendant.

In his first point on appeal, movant claims that the trial court erred in overruling his Rule 27.26 motions without an evidentiary hearing because his trial counsel was ineffective for failing to object to the introduction of the above-described letter into evidence. Specifically, he argues that his trial counsel should have objected to that part of the letter in which movant tells Lytle "you should have never told them you seen Eddie kill the people." According to movant, it was improper for the state to introduce Lytle's statement in this fashion because it was hearsay, because it was in violation of his Sixth Amendment right of confrontation, and because it was in violation of the "best evidence" rule.

However, this argument is contradicted by the case law in this state. In *State v. Holman,* 556 S.W.2d 499 (Mo.App.1977), the court was faced with a set of facts which are virtually identical to those in the case at bar. In *Holman,* the defendant had received a letter from a former cellmate in which the former cellmate assured the defendant that he would not testify against him. The defendant then wrote a letter in response, which was introduced into evidence at trial. That letter stated:

"I got your scribes in the mail today. And was glad to hear that this statement down here that the D.A. is got is a false one.... I never thought that you were gonna come back to testify against me anyway. You see, when I went to try to get this dam gun and mask that they've got suppress, *[the prosecutor] told the judge that you were coming back to testify to the fact that you over heard me braging about how I had shot the old man and how I was gonna get away with it,* and then I said to myself, 'I know that that's a dam lie!' because I knew right then that you had told me

once before that you wasn't a 'snitch' but [the prosecutor] went ahead and endorsed you as a witness anyway ..." (emphasis added)

*Holman,* 556 S.W.2d at 504.

Like the letter in the case at bar, the *Holman* defendant's letter includes a statement made by a third party, i.e., the prosecutor. In its decision, the *Holman* court noted that the letter was not offered as proof of the matters stated by the prosecutor, but that the letter instead "was evidence of an oblique admission by defendant that he had, in fact, so bragged." 556 S.W.2d at 508. The court held that the letter was admissible as an exception to the hearsay rule because it constituted an admission against interest. *Id.* As the court pointed out, any statement evincing "a consciousness of guilt" is an admission against interest. *Id.*

Similarly, in the case at bar, Lytle's statement was not offered to prove the truth of the matter stated therein. On the contrary, when the letter was introduced into evidence, the prosecutor explained his reasons as follows:

> "I'm trying to get to the fact that I think he says in here that if you help me, I'll come to court and lie for you. The thing he's saying is he says he has his tennis shoes. I'm not trying to go into it for any other reason."

Movant's letter, including the reference to Lytle's statement, was introduced to show a consciousness of guilt on the part of movant and pursuant to *Holman,* the entire letter is therefore admissible as an admission against interest by movant.

■ With the rejection of movant's hearsay claim, his claim that he was denied the right to confront an adverse witness also fails. Testimony admitted under an exception to the hearsay rule does not deprive a party of sixth amendment rights. *State v. White,* 621 S.W.2d 287, 295 (Mo. 1981). Also, because the state did not introduce movant's letter to prove the terms or contents of Lytle's statement, the best evidence rule does not apply. *State v. Macke,* 594 S.W.2d 300, 310 (Mo.App.1980).

■ Because movant's letter does not violate the hearsay rule, the confrontation clause, or the best evidence rule, his trial counsel cannot be found ineffective for failing to object to its introduction into evidence. Counsel will not be deemed ineffective for failing to make a nonmeritorious objection. *Scott v. State,* 741 S.W.2d 692, 693 (Mo.App.1987).

■ As his second point on appeal, movant claims that he was denied his constitutional rights to due process and a fair trial when use immunity was denied to certain potential witness in his case. However, movant raised the issue of use immunity in his direct appeal where his argument was rejected by this court. Even though movant has now alleged constitutional error in connection with the issue of use immunity, he is merely relabeling trial error which was considered and denied on direct appeal. Such relabeling does not provide an exception to the rule prohibiting use of a Rule 27.26 motion as a substitute for a second appeal. *Wilhite v. State,* 615 S.W.2d 506, 507 (Mo.App.1981); *Richards v. State,* 495 S.W.2d 442, 443 (Mo.1973). Thus, movant's second point is denied.

■ As his third point on appeal, movant claims that his trial counsel was ineffective because he advised him to testify at trial without first informing him of the potential dangers of such a course of action. According to movant, because he acknowledged participation in a burglary in the home of the deceased, his own testimony was used against him as a basis for convicting him of murder under the felony-murder doctrine.

Of course, a trial counsel's advise to a defendant as to whether or not to testify is a matter of trial strategy, and barring exceptional circumstances, would not be grounds for post-conviction relief. *Haslip v. State,* 717 S.W.2d 533, 538 (Mo.App. 1986). However, in the case at bar, movant is making the allegation that his trial counsel did not even discuss with him the potential risks of his testimony. Movant has alleged facts which raise matters not refuted by the record. On that basis, this action must be reversed and the cause remanded

for an evidentiary hearing on this point. *Bird v. State,* 657 S.W.2d 315, 316–317 (Mo.App.1983).

Accordingly, the judgment is affirmed in part and reversed in part and the cause remanded to the circuit court for a hearing only upon movant's allegation of counsel's failure to advise him of his right not to testify.

All concur.