STATE of Missouri,
Plaintiff–Respondent,

v.

Jerry THOMPSON,
Defendant–Appellant.

No. 58265.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 30, 1991.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
June 5, 1991.

Harold G. Johnson, St. Ann, for defendant-appellant.

Robert McCulloch, Pros. Atty., Celeste Leritz Endicott, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

CRANDALL, Chief Judge.

Defendant, Jerry Thompson, appeals from his conviction, after a bench trial, of driving while intoxicated (DWI), a misdemeanor, Section 577.010, RSMo (1986). He was sentenced to six months in jail; execution of the sentence was suspended and defendant was placed on probation for a period of two years. We affirm.

Defendant does not challenge the sufficiency of the evidence. The evidence discloses that a vehicle operated by defendant collided with another vehicle at approximately 12:00 noon on August 22, 1986, at an intersection in St. Louis County, Missouri. The police arrived shortly thereafter. The responding officer administered several field sobriety tests to the defendant at the scene which he failed.

The State filed an information on October 30, 1986, charging defendant with DWI. That information was dismissed for failure to prosecute on June 8, 1988. A second information was filed August 15, 1988, charging defendant with the same offense. It was dismissed on May 15, 1989, for failure to prosecute. A third information alleging the same offense was filed August 14, 1989, resulting in defendant's trial and conviction on November 7, 1989.

On appeal, defendant claims the trial court erred in overruling his motion to dismiss because the prosecution was barred by the statute of limitations. He argues that the one year limitation had expired before commencement of prosecution and that the State failed to plead and prove an exception to the statutory period of limitation.

For statute of limitation purposes, a prosecution commences when an information is filed or an indictment found. Section 556.036(5), RSMo (1986); *State v. Haverstick*, 326 S.W.2d 92, 98–99 (Mo. 1959). The record shows the crime oc-

curred on August 22, 1986, and the prosecution *commenced* upon the filing of an information, on October 30, 1986, before the one year period of limitations for misdemeanors had run. Section 556.036(2)(2), RSMo (1986).

The State was not required to plead and prove removal of the bar of the statute of limitations since no violation of the statute occurred. Section 556.036.6(3), RSMo (1986) states: "The period of limitations does not run during any time when a prosecution against the accused for the offense is pending in this state." The record establishes that the offense was pending at various times, therefore tolling the statute, and no violation of the one year period of limitations occurred. Defendant's point is denied.

The conviction is affirmed.

SIMON and REINHARD, JJ., concur.