**STATE of Missouri, Plaintiff–Respondent,**

v.

**William C. GLAESE, Defendant–Appellant.**

**No. 21251.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 13, 1997.

---

Ronald D. White, Williams, Robinson, Turley, White & Rigler, P.C., Rolla, for Defendant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for Plaintiff–Respondent.

BARNEY, Judge.

William C. Glaese (Defendant) was charged by an amended information with two counts of sodomy.[1]  Following a trial by jury, Defendant was convicted of sodomy under count II and was sentenced to a term of ten years imprisonment in the Missouri Department of Corrections.[2]  On appeal of his conviction, Defendant assigns two points of trial court error.  First, Defendant contends that the trial court erred in admitting the deposition testimony of Dr. Roberta A. Hibbard in evidence.  Defendant avers that the admission of such evidence violated Article I, Section 18(b) of the Missouri Constitution because Dr. Hibbard's deposition testimony was obtained in Indiana, and the State had no right to depose an out-of-state witness in a criminal case.  Second, Defendant contends that the trial court erred in entering its judgment upon the verdict of the jury in that

---

**1.** *See* § 566.060.3, RSMo Cum.Supp.1991.

**2.** The jury was unable to reach a verdict as to count I of the amended information.  Therefore, the trial court declared a mistrial as to count I and sentenced Defendant in accordance with the

jury's guilty verdict as to count II. *See* footnote 3, *infra*.  The state filed a *nolle prosequi* as to count I following the trial court's declaration of mistrial as to same.

the trial court lacked subject matter jurisdiction and personal jurisdiction because the information against Defendant was not timely filed.

## I.

Defendant does not challenge the sufficiency of the evidence to support his conviction. On review, this Court views the facts and evidence in the light most favorable to the verdict. *See State v. Smith,* 949 S.W.2d 901, 903 (Mo.App.1997).

During the summer of 1992, Defendant's two granddaughters and grandson arrived in Cuba, Missouri, to visit Defendant and their Grandmother.[3] A.A. was approximately eight years old and A.B. was approximately six years old. It was during this time that the acts leading to Defendant's conviction occurred.

Following allegations of sexual abuse made by A.A. against Defendant, the girls were returned home to Indiana. Thereafter, A.B. professed to her Mother that Defendant had also engaged her in various sexual acts, including the touching of Defendant's genitals with her hands and mouth. Mother reported the allegations to the authorities in Indiana and Missouri. Defendant was then charged with two counts of sodomy.

During the subsequent trial of Defendant, A.A. testified, *inter alia,* that one night she was in a camper with Defendant and that he inserted his finger inside her vagina. A.B. testified, *inter alia,* that on one occasion she was in the camper with Defendant and that he placed his tongue in her mouth and that Defendant "showed me his penis." A.B. testified that on another occasion, Defendant "licked my vagina."

The state presented testimony from two experts in the field of child sexual abuse. However, on review, we are chiefly concerned with the deposition testimony of Dr. Roberta Ann Hibbard.[4] Dr. Hibbard is an associate professor of pediatrics at Indiana University School of Medicine and is a practicing physician in Indiana. Dr. Hibbard is also director of the child abuse program at Wishard Memorial Hospital in Indianapolis, Indiana. Dr. Hibbard testified by written deposition regarding her physical examinations of A.A. and A.B.

Dr. Hibbard testified that A.A.'s physical examination revealed that her physical condition was within normal limits. However, Dr. Hibbard testified that her examination was "consistent with, but it would not support nor negate" an allegation of sexual abuse. With regard to A.A.'s examination, Dr. Hibbard testified that "the majority of children, probably 75 percent, who have been sexually abused do have normal examinations. So that it is entirely possible that this child was sexually abused."

Dr. Hibbard testified that in addition to the routine physical exam as performed on A.A., she performed a colposcopic exam on A.B. Dr. Hibbard stated that the additional test was warranted based of her findings from the routine exam. Dr. Hibbard described the colposcope as "like a pair of binoculars on a stand or a magnifier on a stand." It was originally developed to look inside the vagina at the female cervix. Dr. Hibbard testified that, in fact, "you simply back it away, it allows you to magnify what you can see on the skin." Dr. Hibbard testified that A.B.'s "hymenal opening is larger than 98 percent of normal children." This finding is classified as "suspicious." Dr. Hibbard related that A.B.'s hymenal tissue was

**3.** Defendant is the paternal grandfather of the two girls upon whom he was charged with committing acts of sodomy. The girls' mother and father were married in 1982. That marriage was dissolved in 1989.

We note that the names of both girls and their mother share the same initials. To preserve their anonymity we will refer to the eight-year-old as "A.A.," the six-year-old as "A.B.," and their mother as "Mother." Count I of the

amended information against Defendant pertained to A.A. and count II pertained to A.B.

**4.** Neither Defendant nor his counsel were present at the taking of Dr. Hibbard's deposition. The State did provide notice to defense counsel of the impending deposition in Indiana. *See* discussion, Point I, *infra.*

narrowed and that its opening was between five to ten millimeters, outside the normal range of about four millimeters for a girl her age. She also noted that the edges of A.B.'s hymen were rounded and thickened. Dr. Hibbard concluded that the nature of A.B.'s physical abnormalities, as revealed by her physical examination, supported an allegation of sexual abuse.

## II.

In Defendant's first assignment of error, he maintains that the trial court erred in allowing the deposition testimony of Dr. Hibbard to be read to the jury because Dr. Hibbard's deposition was obtained out-of-state, in Indiana. Defendant avers that the admission of such deposition testimony from an out-of-state witness violated Article I, Section 18(b) of the Missouri Constitution, which Defendant contends, provides that only a witness located in Missouri can be deposed. Defendant also asseverates, though not raised in his point relied on, that his constitutional right under Article I, Section 18(a), to confront and cross-examine Dr. Hibbard, was violated because neither he nor his attorney were present during Dr. Hibbard's deposition taken in Indiana.

■ Although the trial court was not confronted with the latter issue in Defendant's motion for new trial, we will review Defendant's point *sua sponte* because "federally guaranteed constitutional rights of the defendant are involved." *State v. Jackson*, 495 S.W.2d 80, 83 (Mo.App.1973). However, we also note that the "power to review *sua sponte* for plain error is rarely exercised...." *State v. Moon*, 602 S.W.2d 828, 837 (Mo.App.1980); Rule 30.20.

The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ... and to have the [a]ssistance of [c]ounsel...." *See* U.S. CONST.

amends VI, XIV. Its counter-part in the Constitution of Missouri, 1945, as amended, provides that "in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel ... to meet the witnesses against him face to face...." *See* MO. CONST. Art. I, § 18(a). "The Sixth Amendment is held to be applicable to all criminal proceedings in the state courts by reason of the application of the Fourteenth Amendment of the Constitution of the United States prohibiting the deprivation of life or liberty without 'due process of law.'" *Jackson*, 495 S.W.2d at 83 (citing *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965); *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 1(1965)); *see also State v. Naucke*, 829 S.W.2d 445, 454 (Mo. banc 1992), *cert. denied* 506 U.S. 960, 113 S.Ct. 427, 121 L.Ed.2d 348 (1992).

■ Therefore, a criminal defendant is constitutionally guaranteed the right under the Sixth Amendment to confront the witnesses against him or her and to have the opportunity for effective cross examination of any witnesses who appear and testify against him or her. *State v. Foust*, 920 S.W.2d 949, 955 (Mo.App.1996). Of these guarantees, "the primary interest secured by 'the confrontation clause' is the right of cross-examination." *Id.* (quoting *Kentucky v. Stincer*, 482 U.S. 730, 736, 107 S.Ct. 2658, 2662, 96 L.Ed.2d 631 (1987)).

■ In a state criminal case, although depositions may be taken by either a defendant (Rule 25.12) or the state (Rule 25.14), in accordance with the rules of civil procedure, their use is governed by the rules of criminal cases. *See* Rule 25.13, Rule 25.15, and discussion, *infra*.[5] Additionally, "it is common for the Sixth Amendment to add requirements to a statute or common law rule that admits certain evidence in criminal cases." *Naucke*, 829 S.W.2d at 451. Save for exceptions noted in footnote six herein, as a gener-

---

**5.** All references to Rules are to Missouri Court Rules (1997). Statutory references are to RSMo 1994, unless other indicated.

al rule, the *use* of a deposition as substantive evidence by the state requires the satisfaction of a two-prong test. *See, State v. Gray,* 616 S.W.2d 102, 104–05 (Mo.App.1981).[6]

■ First, the deposition (or portions of the transcript of a prior judicial proceeding) must meet the confrontation requirements of the Sixth Amendment and Article I, Section 18(a) of the Missouri Constitution (opportunity during the deposition for face-to-face encounter with the adverse witness, as well as opportunity for defendant's counsel to cross-examine the witness). *Jackson,* 495 S.W.2d at 84; *see also Gray,* 616 S.W.2d at 104–05; *State v. Brookins,* 478 S.W.2d 372, 374–75 (Mo.1972); *State v. Sanders,* 903 S.W.2d 234, 237 (Mo.App.1995). Second, the state must show that the witness who has previously given the deposition (or previously testified in a judicial proceeding) is otherwise unavailable to testify in open court in Missouri. *Brookins,* 478 S.W.2d at 374; *Gray,* 616 S.W.2d at 105.[7] To show unavailability, the state has the burden of proving a good faith effort, exercising reasonable diligence, to obtain the presence of the witness at trial. *Id.; see also State v. Murphy,* 592 S.W.2d 727, 731 (Mo. banc 1979); *Sanders,* 903 S.W.2d at 237. This burden is satisfied if the prosecution makes use of an out-of-state subpoena, i.e., a subpoena issued under the provisions of the Uniform Law to Secure the Attendance of Witnesses from Within or Without a

State in Criminal Proceedings.[8] *Gray,* 616 S.W.2d at 105–06 (citing *Brookins,* 478 S.W.2d 372; *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)).

In his brief, Defendant declared that "[t]he State has no right to depose an out-of-state witness. . . ." Defendant contends that Article I, Section 18(b) of the Missouri Constitution bars a prosecuting attorney from deposing witnesses outside the state. It provides:

> Upon a hearing and finding by the circuit court in any case wherein the accused is charged with a felony, that it is necessary to take the deposition of any witness within the state, other than defendant and spouse, in order to preserve the testimony, and on [the] condition that the court make such orders as will fully protect the rights of personal confrontation and cross-examination of the witness by defendant, the state may take the deposition of such witness and either party may use the same at the trial, as in civil cases, provided there has been substantial compliance with such orders. The reasonable personal and traveling expenses of defendant and his counsel shall be paid by the state or county as provided by law.

Mo. Const. Art. I, § 18(b).

■ We need not decide whether Defendant's argument has merit. This follows be-

---

**6.** The Supreme Court of Missouri has "consistently refused to apply the face-to-face language of [Art. I] Section 18(a) literally [so as] to exclude evidence admitted under hearsay exceptions, which were truly not 'face to face.' " *Naucke,* 829 S.W.2d at 454. Thus, as noted in *Naucke,* despite the confrontation clause of the state and federal constitutions, hospital records have been admitted under the business records exception (*State v. Simpson,* 625 S.W.2d 957 (Mo.App. 1981)), as well as a dying declaration,(*State v. Colvin,* 226 Mo. 446, 126 S.W. 448 (1910)); *see also State v. Logan,* 344 Mo. 351, 126 S.W.2d 256 (1939)(prior reported testimony). *Naucke,* 829 S.W.2d at 454. More recently, our high court declared that an alleged child abuse victim is considered "unavailable" as a witness, if the purported victim "would suffer emotional and psychological trauma" were she or he to testify in the presence of the accused defendant. *Id.* at 451. Hence, the purported victim's deposition could be presented to the jury, instead of the live

testimony of the alleged victim. *Id.; see also State v. Howard,* 913 S.W.2d 68, 70 (Mo.App. 1995); *Dixon v. State,* 763 S.W.2d 204, 207 (Mo. App.1988).

**7.** In federal tribunals, "exceptional circumstances" must exist before deposition testimony is admitted into evidence in a criminal trial. *See United States v. Drogoul,* 1 F.3d 1546, 1552 (11th Cir.1993)(citing Fed.R.Crim.P. 15). "Exceptional circumstances" exist within the meaning of the Federal Rules of Criminal Procedure when the deponent is unavailable for trial and the absence of his or her testimony would result in an injustice. *Id.; see also Aguilar–Ayala v. Ruiz,* 973 F.2d 411, 418–19 (5th Cir.1992); Rule 57.07(a)(3).

**8.** *See* §§ 491.400–.450, RSMo 1994.

cause it would be contrary to due process, Article I, Section 10, equal rights under the law, Article I, Section 2, and the provisions of Article I, Section 18(a) and (b), for Missouri courts to afford accused persons in Missouri less constitutionally protected confrontational rights where out-of-state witnesses are deposed as opposed to in-state witnesses, and where the deposition testimony against the accused is presented at trial against the accused. Indeed, the Sixth Amendment would prohibit such a practice. *See* U.S. CONST. amend VI. As alluded to earlier, "it has been common practice to use the Confrontation Clause to add necessary requirements to the state evidentiary rules." *Naucke,* 829 S.W.2d at 451.[9]

It appears clear that the deposition of Dr. Hibbard was obtained to preserve the testimony of an indispensable witness whom the state knew was "unavailable" to personally testify at Defendant's trial and who could not be compelled to testify at trial by a Missouri court.[10]

■ As heretofore mentioned, the State sent a "Notice To Take a Preservation Deposition" of Dr. Hibbard to Defendant's attorney, on December 8, 1995. Eleven days later the State proceeded to take Dr. Hibbard's deposition. However, prior to doing so, the State neither requested nor obtained a hearing before the trial court, whereby the trial court could have ascertained whether Defendant's confrontation and cross-examination rights would be "fully protect[ed]" in Indiana. *See* Mo. CONST. Art. I, § 18(b). Nor was there a hearing conducted by the circuit court regarding the reasonable expenses of Defendant and his counsel attendant to their traveling to Indiana. "The reasonable personal and traveling expenses of defendant and his counsel shall be paid by the state or county as provided by law." *Id.*

The record further shows that it was not until after the deposition of Dr. Hibbard was taken that the State, on April 26, 1996, made an attempt to subpoena Dr. Hibbard pursuant to the Uniform Law to Secure Attendance of Witnesses from Within or Without State in Criminal Proceedings. *See* §§ 491.400–.450, RSMo 1994.

We glean from our review of the record that the circuit court determined that Defendant had sufficient time to depose Dr. Hibbard but did not do so. Nevertheless, as previously mentioned in our discussion, where the State intended to use the deposition of Dr. Hibbard as testimony against Defendant in a criminal trial, more was required of the State (and the trial court) than merely notifying Defendant's counsel of the forthcoming time and place of Dr. Hibbard's deposition. *See* discussion, *supra.*

■ Lastly, we consider whether the deposition testimony given by Dr. Hibbard was prejudicial to Defendant. Only prejudicial error requires reversal of a judgment of conviction. *State v. Bedell,* 890 S.W.2d 702, 705 (Mo.App.1995); *State v. Wakefield,* 682 S.W.2d 136, 144 (Mo.App.1984).

Our examination of the record reveals that in Dr. Hibbard's deposition, she described A.B.'s examination as "classified as suspicious" and as "consistent with the allegations" of abuse. However, as to A.A., Dr. Hibbard's deposition testimony described her examination as being "within normal limits," neither supporting nor negating sexual abuse. The jury was unable to reach a verdict as to count I of the amended information as related to A.A., and the trial court declared a mistrial as to count I and the State subsequently filed a *nolle prosequi* as to the charge. The jury reached a verdict of guilty as to count II, involving A.B., thereby lend-

9. In *Brookins,* Judge Donnelly, *in dicta,* questioned whether deposition testimony *"not* taken under the authority and within the *limitations* of Article I, § 18(b), Const. of Missouri, V.A.M.S., and V.A.M.R., 25.13, was 'otherwise admissible' in behalf of the State at trial." *Brookins,* 478 S.W.2d at 375.

10. As a general rule, a Missouri court's subpoena authority does not reach beyond the geographical limits of the State of Missouri. *See Gray,* 616 S.W.2d at 105; *but see* §§ 491.400–.450, RSMo 1994, Uniform Law to Secure Attendance of Witnesses from Within or Without State in Criminal Proceedings.

ing credence to the conclusion that the jury perceived Dr. Hibbard as being the most objective and believable corroborating witness to the minors' testimony. It can, therefore, be concluded that the jury was significantly influenced by Dr. Hibbard's deposition testimony, to the prejudice of Defendant, who neither saw her face-to-face nor whose counsel cross-examined her in a depositional or criminal trial setting. We thus hold that the trial court erred in permitting the State to use the deposition testimony of Dr. Hibbard at Defendant's trial. "[T]he right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Brookins*, 478 S.W.2d at 373 (quoting *Pointer v. Texas*, 380 U.S. 400, 405, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965)). Defendant's point I is well taken and the case must, therefore, be remanded for a new trial.

### III.

■ Although the case must be remanded, in the interest of judicial economy, we review Defendant's second assignment of error. Defendant maintains that the trial court lacked subject matter jurisdiction and personal jurisdiction because the information against him was not timely filed.[11] Defendant avers therefore that the trial court erred in entering its judgment upon the verdict of the jury.

■ The purpose of an indictment or information is to inform the accused of the charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in case of an acquittal. *State v. Barnes*, 942 S.W.2d 362, 367 (Mo. banc 1997); *State v. Taylor*, 929 S.W.2d 209, 218 (Mo. banc 1996), *cert. denied* — U.S. ——, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997).

■ The test for the sufficiency of an indictment or information is whether it contains all of the elements of the offense and clearly apprises the defendant of the facts constituting the offense. *Barnes*, 942 S.W.2d at 367.

■ Here, Defendant asserts that the trial court lacked jurisdiction in this matter because the charging instrument against him was not timely filed by the state. We note that the information in this matter was filed on February 1, 1994, or on the 24th day after the January 7, 1994, order binding Defendant over to trial.

We observe that "[a]n information charging a felony shall be filed not later than ten days after the date of the order requiring the defendant to answer to the charge." Rule 23.03. We also note that "[n]o indictment or information shall be invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, because of any defect therein which does not prejudice the substantial rights of the defendant." Rule 23.11; *Taylor*, 929 S.W.2d at 218.

This Court has previously held that a delay of four days in the filing of an information did not deprive the trial court of subject matter jurisdiction where the defendant failed to establish that any prejudice resulted therefrom.[12] *State v. Denny*, 619 S.W.2d 931, 936 (Mo.App.1981). Similarly, it has been held that more than a two year delay in the filing of an information did not warrant a reversal of a conviction where the defendant did not establish that he suffered any substantial prejudice as a result of such delay. *State v. Cannon*, 692 S.W.2d 357, 360 (Mo. App.1985). Finally, our Supreme Court has held that no error resulted where a delay in the filing of an information was not purposeful and where there was no hardship placed

11. Defendant raises this issue for the first time on appeal. We note, however, that defects in an information may be raised for the first time on appeal. *State v. Sparks*, 916 S.W.2d 234, 237 (Mo.App.1995). Nonetheless, the scope of review for sufficiency of the information narrows when, as here, the challenge to the information is not made until after the trial. *Id.*

12. We note that jurisdiction over the person is waived, as here, by appearing and defending without objection. *State v. Parkhurst*, 845 S.W.2d 31, 35 n. 4 (Mo. banc 1992).

on defendant in the preparation of his case. *State v. Scott,* 621 S.W.2d 915, 917–18 (Mo. 1981).

In the instant matter, Defendant made no attempt to establish that he suffered any substantial prejudice or that he suffered any hardship in the preparation of his case. *See* Rule 23.11; *Taylor,* 929 S.W.2d at 218. Further, no tactical advantage was gained over Defendant as a result of the state's delay in filing the information. *See Scott,* 621 S.W.2d at 918.

The information in the instant matter contained all the elements of the charged offense and clearly apprised Defendant of the facts constituting the offense so that he could prepare a defense to the charges. *Barnes,* 942 S.W.2d at 367. The delay in filing the information did not prejudice Defendant. *See* Rule 23.11; *Denny,* 619 S.W.2d at 936. Point II is denied.

The judgment is reversed and the case is remanded for a new trial.

MONTGOMERY, C.J., and SHRUM, J., concur.