STATE of Missouri, Respondent,

v.

Ian C. KROENUNG, Appellant.

No. 27059.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 22, 2006.

Motion for Rehearing or Transfer
Denied March 16, 2006.

Application for Transfer Denied
May 2, 2006.

Walter S. Drusch, Lowes & Drusch, Cape Girardeau, for appellant.

Stephen P. Gray, Pros. Atty., Marble Hill, for respondent.

Before GARRISON, J., BARNEY, J., and BATES, C.J.

PER CURIAM.

Ian C. Kroenung ("Appellant") appeals from the trial court's denial of his motion to dismiss for lack of jurisdiction. He argues the trial court was without jurisdiction to proceed to a jury trial where he was charged with the Class B misdemeanor of property damage in the second degree, a violation of section 569.120.[1] Following the jury trial, Appellant was convicted of the aforementioned crime and sentenced by the trial court to ninety days in the county jail and a $500.00 fine. We affirm.

The record reveals that on March 10, 2004, the prosecuting attorney for Cape Girardeau County, Missouri, filed a "Complaint and Request for a Warrant in a Felony Case" against Appellant in the Circuit Court of Cape Girardeau County, Missouri, in case number 04G9–CR00377, and charging Appellant with property damage in the first degree, a violation of section 569.100.[2] Specifically the complaint alleged that on September 17, 2003, "[Appellant] knowingly damaged windows on the business of Pro Line Janitorial ... by striking it with a slingshot and steel ball bearings, causing the window to break, and the damage to such property exceeded seven hundred and fifty dollars." A warrant was thereafter issued by Cape Girar-

1. Section 569.120 states:
    1. A person commits the crime of property damage in the second degree if:
    (1) He knowingly damages property of another; or
    (2) He damages property for the purpose of defrauding an insurer.
    2. Property damage in the second degree is a class B misdemeanor.
Unless otherwise stated, all statutory references are to RSMo 2000.

2. Section 569.100 states:

    1. A person commits the crime of property damage in the first degree if:
    (1) He knowingly damages property of another to an extent exceeding seven hundred and fifty dollars; or
    (2) He damages property to an extent exceeding one thousand dollars for the purpose of defrauding an insurer.
    2. Property damage in the first degree is a class D felony.

deau Associate Circuit Court Judge Gary A. Kamp. In the probable cause statement attached to the warrant, it was set out that Appellant, who had been interviewed at the Cape Girardeau Police Department, had "admitted under *Miranda* [3] that he had been involved in several incidents of property damage in the City of Jackson," Missouri. (Emphasis added).

The following day, on March 11, 2004, H. Morley Swingle ("Swingle"), the prosecuting attorney for Cape Girardeau County, filed a motion for the appointment of a special prosecutor. In his motion, Swingle stated that one of the windows allegedly broken by Appellant belonged to a vehicle he owned; accordingly, Swingle requested a special prosecutor be appointed so as to avoid the appearance of a conflict of interest. The trial court granted Swingle's request and entered an order appointing Stephen Gray ("Gray"), Prosecuting Attorney for Bollinger County, Missouri, to serve in Swingle's stead *"With regard to this case and any other allegations of property damage or vandalism allegedly committed by this [Appellant] in Cape Girardeau County, Missouri."* (Emphasis added.)

Following a preliminary hearing, the trial court dismissed the charges against Appellant "for lack of probable cause."

Thereafter, on October 12, 2004, Gray filed an information against Appellant in case number 04G9–CR01839, and alleging that on October 15, 2003, Appellant "caused damage to Jackson Glass by shooting and shattering [an] entrance door ..." and, thus, committed the Class B misdemeanor of property damage in the second degree, a violation of section 569.120.[4]

On November 17, 2004, Appellant filed a "MOTION TO DISMISS FOR LACK OF JURISDICTION ON PART OF THAT PERSON SUBSCRIBING AS AND PURPORTING TO BE 'PROSECUTING ATTORNEY OF BOLLINGER COUNTY' IN THAT HE HAS NO AUTHORITY TO PROSECUTE A CASE IN CAPE GIRARDEAU COUNTY, FOR ACTS OCCURRING IN CAPE GIRARDEAU COUNTY." In his motion, Appellant asserted that Gray had no legal authority to bring criminal charges against Appellant in a county in which he was not the prosecuting attorney.

In its November 22, 2004, Judgment Order denying Appellant's motion, the trial court stated that it had previously "appointed Stephen Gray, Prosecuting Attorney for Bollinger County, Missouri, as Special Prosecutor to investigate and prosecute not only a pending charge [the prior case that was dismissed] against [Appellant], but any other allegations that could arise against [Appellant] that at that time w[ere] unfiled." The trial court also stated that the information filed by Gray on October 12, 2004, was performed "under the authority previously granted him under the previously signed order." The trial court also noted that "[t]he signing of the filings [by Gray] as Prosecuting Attorney of Bollinger County, Missouri, was a typographical error that caused no prejudice to [Appellant]." As such, it granted Gray "leave to file an amended information and complaint to correct the typographical error...." Gray subsequently amended the information to state that "[t]he Prosecuting Attorney of the County of Bollinger

---

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. It should be noted that although the information was filed in the Circuit Court of Cape Girardeau County, in the text of the informa-

tion filed by Gray, it stated that "[t]he Prosecuting Attorney of the County of Bollinger, State of Missouri, charges that [Appellant]...."

acting as Special Prosecutor in Cape Girardeau County, State of Missouri, charges that [Appellant]...."

On December 10, 2004, Appellant filed a motion for change of judge and a motion for change of venue. The motion was granted by the trial court and the case was transferred from the Circuit Court of Cape Girardeau County to the Circuit Court of Bollinger County, and assigned to Associate Circuit Judge Scott Thomsen. Appellant then filed a motion requesting that Judge Thomsen reconsider Appellant's previously filed motion to dismiss for lack of jurisdiction. The motion was denied.

The case proceeded to a jury trial in the Circuit Court of Bollinger County. Appellant was found guilty as charged in the information and was sentenced as previously set out. This appeal by Appellant followed.

■■■ "The trial court's decision whether to grant a motion to dismiss ... is reviewed for abuse of discretion." *State v. Sprinkle*, 122 S.W.3d 652, 658 (Mo.App. 2003). "A trial court abuses its discretion when a ruling is clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Burns*, 112 S.W.3d 451, 454 (Mo.App.2003).

■■ Although Appellant alleges two points of trial court error, it appears there is no discernable difference in the two points. We shall address them as a single point. Appellant asserts the trial court erred "in failing to properly act upon [Appellant's] motions to dismiss this cause or otherwise recognize the lack of authority of the person purporting to charge the Appellant by Information...." Appellant maintains that Gray

> had no authority to bring such a charge in the Circuit Court of Cape Girardeau

County as he was the prosecuting attorney of Bollinger County, Missouri[,] and not the Prosecuting Attorney of Cape Girardeau County ... nor was he properly authorized to act as a special prosecuting attorney in Cape Girardeau County nor did he within the (1) year statute of limitations ever purport to act as anything but the prosecuting attorney of Bollinger County.

Section 56.110 sets out that "[i]f the prosecuting attorney ... be interested ... in any case where such employment is inconsistent with the duties of his office ... the court having criminal jurisdiction may appoint some other attorney to prosecute or defend the cause." Indeed, it has been held that "the power to appoint a special prosecutor is not limited by the statutory grounds specified in [s]ection 56.110; rather, it is a power inherent in the court, to be exercised in the court's sound discretion, when for any reason, the regular prosecutor is disqualified." *State v. Eckelkamp*, 133 S.W.3d 72, 74 (Mo.App. 2004).

Here, it is clear from the procedural history in this matter, that the first trial court had the power to appoint a special prosecutor and that it did so "with regard to [that] case and any other allegations of property damage or vandalism allegedly committed by this [Appellant] in Cape Girardeau County, Missouri." As such, when Gray filed charges against Appellant, Gray had the jurisdictional and legal authority to do so based on the order entered in the original case that was applicable to "any other allegations that could arise against [Appellant] that at that time w[ere] unfiled." Accordingly, Gray had the authority to file additional charges against Appellant based on his appointment as special prosecutor.

■ With that being said, Appellant also argues there was trial court error based on the fact that the original charging instrument stated that Gray was acting as "[t]he Prosecuting Attorney of the County of Bollinger, State of Missouri ..." and, instead, Gray should have brought charges against Appellant in his capacity as the special prosecutor for Cape Girardeau County, Missouri.

■ "The purpose of an indictment or information is to inform the accused of the charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in case of an acquittal." *State v. Glaese*, 956 S.W.2d 926, 933 (Mo.App.1997). Additionally,

> [a] sufficient charging instrument serves three constitutional purposes: (1) inform the accused of the charges against him or her so that he or she may prepare an adequate defense, (2) prevent retrial on the same charges in case of an acquittal, and (3) inform the court of the facts alleged to determine if those facts as alleged are sufficient, as a matter of law, to withstand motions (such as to dismiss) or support a conviction if one is to be had.

*State v. McCullum*, 63 S.W.3d 242, 249 (Mo.App.2001). "We also note that '[n]o indictment or information shall be invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, because of any defect therein which does not prejudice the substantial rights of the defendant.'" *Glaese*, 956 S.W.2d at 933 (quoting Rule 23.11, Missouri Court Rules (1997)).

In the present matter, any defects or purported typographical errors in the original information were corrected by the amended information which set out that Gray was acting as "[t]he Prosecuting Attorney of the County of Bollinger acting as Special Prosecutor in Cape Girardeau County, State of Missouri...." As such, Appellant was not prejudiced by any deficiencies which may have existed in the original information which was filed on October 12, 2004. *Id.*

■ Additionally, we note that section 556.036.2(2) states that the statute of limitations for a misdemeanor case is one year. Section 556.036.5 goes on to set out that such limitations periods begin to run "either when an indictment is found or an information filed." Further, section 556.036.6(3) states that "[t]he period of limitations does not run during any time when a prosecution against the accused for the offense is pending in this state." *See also State v. Thompson*, 810 S.W.2d 85, 86 (Mo.App.1991).

■ Here, in its information filed on October 12, 2004, the State alleged that on October 15, 2003, Appellant committed the Class B misdemeanor of property damage in the second degree. As such, the initial information was filed within the one year statute of limitations period prescribed by section 556.036.2(2). Thereafter, the State filed an amended information on October 27, 2004, which did not charge a different crime against Appellant, but instead made the aforementioned changes relating to Gray's status as a special prosecutor. Therefore, as the charge against Appellant was pending at the time the amended information was filed, the one year statute of limitations was tolled and the matter was not time barred.[5] *See id.* The trial court did not abuse its discretion in denying Appellant's motion to dismiss for lack of

---

5. We note that "[a] prosecution is not tolled, however, where the charges alleged in an amended information constitute a 'different' offense."

*State v. Rotter*, 958 S.W.2d 59, 63 (Mo.App. 1997).

jurisdiction. Points One and Two are denied.

The judgment of the trial court is affirmed.