

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| KEITH WRIGHT, | ) | ED109755 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of the |
| | ) | City of St. Louis |
| v. | ) | 1822-CC11628 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Katherine M. Fowler |
| | ) | |
| Respondent. | ) | Filed: December 6, 2022 |

Keith Wright appeals the judgment denying his amended Rule 29.15[1] motion for postconviction relief without an evidentiary hearing. In his sole point relied on, Wright claims trial counsel was ineffective for "convincing him to testify in his defense -- despite his express desire not to testify," resulting in a self-defense instruction and the admission of prior statements inconsistent with his trial testimony that he did not shoot and kill two people. We hold that the motion court did not clearly err in denying relief on this claim without an evidentiary hearing.[2] The judgment is affirmed.

---

[1] All citations to Rule 29.15 are to the version effective January 1, 2018.

[2] The court granted Wright an evidentiary hearing on his claim trial counsel did not disclose a plea offer. That claim is not an issue in this appeal.

**Factual and Procedural Background**

Following a jury trial, the trial court convicted Wright of two counts of murder in the first degree and two counts of armed criminal action for shooting and killing Ricos Boyd and Shayla Carter ("Victims"). The court sentenced Wright to consecutive life sentences without the possibility of probation or parole on each of the murder convictions and to concurrent terms of thirty years' imprisonment on each of the armed criminal action convictions. This Court affirmed the judgment on direct appeal. *State v. Wright*, 551 S.W.3d 608 (Mo. App. E.D. 2018).

Wright timely filed an amended Rule 29.15 motion for post-conviction relief alleging several claims. In pertinent part, Wright alleged he "expressly did not wish to testify" but "[t]rial counsel convinced [him to] testify, without a full and complete discussion of the consequences of doing so." Wright asserted his testimony resulted in the submission of a self-defense instruction and the admission of his videotaped statements to police in which he claimed self-defense.[3] Because Wright testified at trial that he did not shoot the Victims, Wright alleged "[t]he effect of the jury instruction was to highlight the inconsistencies in the defense, weakening [his] defense." Finally, Wright alleged "had trial counsel not coerced [him] into testifying, [he] would have gone with his first impulse to not testify, which would have lead [*sic*] to a reasonable probability of a different result."

On June 15, 2021, the motion court issued findings of fact and conclusions of law denying Wright's motion for post-conviction relief. Wright appeals.[4]

---

[3] Wright's point relied on also asserts his testimony resulted in the admission of letters to the prosecutor. Wright's amended motion includes no allegation regarding these letters. Pleading defects or omissions in a motion for postconviction relief cannot be remedied on appeal. *Tisius v. State*, 519 S.W.3d 413, 431 (Mo. banc 2017). Consequently, this Court will not consider any argument pertaining to the letters to the prosecutor.

[4] In pertinent part, Rule 29.15(k) provides "[a]n order sustaining or overruling a motion filed under the provisions of this Rule 29.15 shall be deemed a final judgment for purposes of appeal by the movant or the state."

## Standard of Review

Rule 29.15(k) limits appellate review of a judgment denying postconviction relief to determining whether the circuit court's findings and conclusions are clearly erroneous. *McLemore v. State*, 635 S.W.3d 554, 559 (Mo. banc 2021). A judgment denying postconviction relief is "clearly erroneous when, upon review of the complete record, there is a definite and firm impression that a mistake has been made." *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021) (internal quotation omitted). A judgment denying post-conviction relief may be affirmed on any ground supported by the record. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013).

## Analysis

"To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that his or her trial counsel failed to meet the *Strickland* test to prove his or her claims." *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "To state a claim for ineffective assistance of counsel, the movant must allege facts demonstrating: (1) that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) that counsel's deficient performance actually prejudiced the movant." *McLemore*, 635 S.W.3d at 559 (internal quotation omitted). "Trial counsel's advice to his client about whether or not to testify is a matter of trial strategy which, barring exceptional circumstances, is not a ground for post-conviction relief." *Slater v. State*, 147 S.W.3d 97, 101 (Mo. App. W.D. 2004). "[A] movant is entitled to an evidentiary hearing only if: (1) the movant pleaded facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant." *McLemore*, 635 S.W.3d at 559 (internal quotation and brackets omitted). If "the motion and the files and records of the

case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Rule 29.15(h).

The record shows trial counsel did not convince Wright to testify against his will. During a pre-trial conference, the trial court questioned Wright regarding his right to testify:

> The Court: During the trial, when it gets to the time for the [d]efense to put on evidence, you will have the right to either testify or not testify. Either one is your right, and because it is your right, that means its your decision, all right? Your attorney, of course, has a duty to give you her best advice on the matter about whether to testify or not. If you want to testify, you have the right to testify. Nobody can keep you from testifying, not even your attorney. You understand that?
>
> Wright: Yes, sir.

Likewise, during trial, on the eve of his testimony, Wright again confirmed his decision to testify was voluntary:

> The Court: … So now I just want to – obviously, its not going to happen until tomorrow morning, but I want to verify with you at this time, is [trial counsel], correct? In other words, is that your decision that you have decided that you want to testify in this case?
>
> Wright: Yes, sir.
>
> The Court: And as I told you before last week, nobody can make you do it. So you are deciding to testify voluntarily, in other words, in other words, of your own free will because you think that is the best thing for you to do is testify?
>
> Wright: Yes, sir.
>
> The Court: Did anybody do anything to force you or threaten you or intimidate you into testifying against your own free will?
>
> Wright: No, sir.
>
> The Court: And did you decide to do that after you had talked your case over with your attorney?
>
> Wright: Yes, sir.

…

> The Court: Okay. And after she gave you that advice, did you think about it and then make your own decision about what you wanted to do?
>
> Wright: Yes, sir.

Wright alleged no specific or exceptional facts showing trial counsel "convinced" him to testify against his will. Wright, in his own words, repeatedly confirmed he would be voluntarily exercising his right to testify. Wright also specifically denied he was forced, threatened, or intimidated into testifying.

Wright's allegation trial counsel convinced him to testify "without a full and complete discussion of the consequences of doing so" also falls short. To overcome the presumption trial counsel's representation was effective, "a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Watson v. State*, 520 S.W.3d 423, 435 (Mo. banc 2017) (internal quotation omitted); *see also Strickland*, 466 U.S. at 690 (stating "[a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.").

Wright did not specifically allege trial counsel failed to discuss the possibility of a self-defense instruction or the admissibility of his prior statements. Wright therefore failed to allege the specific acts or omissions of counsel necessary to show how trial counsel's "performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney." *McLemore*, 635 S.W.3d at 359 (internal quotation omitted).[5] Wright's failure is fatal because

---

[5] Wright asserts he is entitled to an evidentiary hearing pursuant to *Dixon v. State*, 763 S.W.2d 204 (Mo. App. W.D. 1988). In *Dixon*, the court held the movant was entitled to an evidentiary hearing because counsel completely failed to discuss the potential risks of his testimony. *Id.* at 207. Unlike *Dixon*, Wright does not allege counsel completely failed to discuss the risks of testifying.

appellate courts "will not draw factual inferences or implications in a Rule 29.15 motion from bare conclusions or from a prayer for relief." *Barnett v. State*, 103 S.W.3d 765, 769 (Mo. banc 2003).

## Conclusion

Wright did not plead facts, not refuted by the record, entitling him to an evidentiary hearing on his claim counsel "convinced" and "coerced" him to testify against his will. The record does not leave this Court with "a definite and firm impression that a mistake has been made." *Hefley*, 626 S.W.3d at 248. The motion court did not clearly err in denying this claim without an evidentiary hearing. Rule 29.15(h). The judgment is affirmed.

_____
Renée D. Hardin-Tammons, Judge

Lisa P. Page, P.J. and
Thomas C. Clark, II, J. concur.