STATE of Missouri, Appellant,

v.

Shaun L. SMITH, Respondent.

No. ED 89460.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 2007.

Ellen H. Flottman, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Shaun L. Smith ("Defendant") appeals the judgment sentencing him to four years imprisonment after a jury found him guilty of domestic assault in the second degree. We affirm.

## I.  BACKGROUND

Defendant's wife ("Wife") arrived at a police station, shaken and crying, and told police that Defendant had grabbed her neck and choked her earlier that morning. She further indicated that she was afraid and felt that Defendant was going to kill her. Police observed red marks, as well as scratches, on Wife's neck.

At Defendant's preliminary hearing, Wife testified. Later, at trial, after reconciling with Defendant, Wife asserted spousal privilege and refused to testify. Police officers testified, over Defendant's objection, to the statements Wife gave when she arrived at the police station.

A jury found Defendant guilty of domestic assault in the second degree. The trial court sentenced Defendant to four years imprisonment, to run consecutively to a sentence Defendant was already serving. Defendant appeals.

## II. DISCUSSION

In his sole point on appeal, Defendant asserts the trial court erred in admitting the hearsay statements of Wife to the police because admission of such statements violated his right to confront witnesses against him. Specifically, Defendant argues that the trial court's ruling violated the holding of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) because he had no opportunity to conduct discovery prior to his preliminary hearing.[1] We disagree.

■ A trial court has broad discretion over whether to admit or exclude evidence. *State v. Kemp*, 212 S.W.3d 135, 145 (Mo. banc 2007). Thus, we will only reverse a trial court's ruling on the admission of evidence when the trial court has clearly abused its discretion. *Id.* Such "discretion is abused when a ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *Id.* "Whether admission of the challenged testimony violated the Confrontation Clause is a question of law, which the Court reviews de novo."

*State v. Justus*, 205 S.W.3d 872, 878 (Mo. banc 2006).

The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. The United States Supreme Court has further defined this right through case law. In *Crawford v. Washington*, 541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court held that the Confrontation Clause prohibits the "admission of testimonial statements of a witness who did not appear at trial unless [the witness] was unavailable to testify and the defendant had had a prior opportunity for cross-examination." Further, the Court stated that this rule only applies to "testimonial" hearsay but chose not to define "testimonial." *Id.* at 51, 68, 124 S.Ct. 1354. In later cases, the Supreme Court has described what sorts of statements may be classified as testimonial.

In *Hammon v. Indiana*, 547 U.S. 813, 126 S.Ct. 2266, 2272, 165 L.Ed.2d 224 (2006), the Supreme Court determined that a victim's statements to police at the scene of the crime were testimonial. It stated:

Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events po-

---

1. Defendant makes no allegation that he was limited by the Court in any way in his questioning of Wife.

tentially relevant to later criminal prosecutions.

*Id.* at 2273–74, 126 S.Ct. 2266.

■ In light of this framework, we find Wife's statements were testimonial. The circumstances here are clearer than those presented in *Hammon.* Unlike *Hammon,* where police interrogated a victim at the scene of the crime, here, Wife traveled to the police station hours after the incident. Thus, the record reveals that no "ongoing emergency" existed as required for a statement to qualify as nontestimonial. Moreover, because Wife traveled to the police station to report a crime, it is clear that the purpose of her interrogation was to "establish past events potentially relevant to later criminal prosecutions." *Id.*

■ Having determined that Wife's statements were testimonial and therefore subject to the Confrontation Clause under *Crawford,* we turn to the substance of Defendant's point. Defendant asserts the trial court erred in admitting the hearsay statements of Wife because the admission of such statements violated his rights to confront witnesses against him. Specifically, Defendant argues that the trial court's ruling violated the holding of *Crawford* because he had no opportunity to conduct discovery prior to his preliminary hearing. Defendant's argument is unpersuasive.

■ First, we note that under Rule 22.01, "discovery may commence upon the filing of [an] indictment." Moreover, "it is only after the preliminary hearing has been conducted that the defendant has any

right to the disclosure of evidence in the hands of the state." *State v. Aaron,* 218 S.W.3d 501, 508–09 (Mo.App. W.D.2007). The Western District of this Court has addressed the impact of such sequence on a defendant's rights under the Confrontation Clause in *Aaron.*

There, the trial court admitted the hearsay statements of an unavailable witness who testified during a preliminary hearing. *Id.* at 505. On appeal, the defendant asserted that his rights under the Confrontation Clause were violated, in part, because he "was deprived of the opportunity to cross-examine [witness] ... since discovery was not complete at the time of the preliminary hearing...." *Id.* at 506–07.[2] The Western District concluded that "the absence of discovery before the preliminary hearing at issue did not render [witness's] testimony inadmissible at trial." *Id.* at 511.

The analysis set forth in *Aaron* applies here. Therefore, the lack of discovery before the preliminary hearing did not violate Defendant's rights under the Confrontation Clause as discussed in *Crawford.* Accordingly, point denied.

## III. CONCLUSION

The judgment is affirmed.

CLIFFORD H. AHRENS and GLENN A. NORTON, JJ., concur.

---

**2.** In addressing the issue, the Western District extensively analyzed the Missouri Supreme Court's decision in *State v. Griffin,* 848 S.W.2d 464 (Mo. banc 1993). Griffin represents Missouri's pre-*Crawford* precedent, which pinned the admissibility of testimony from a preliminary hearing to the consideration of various "reliability" factors. The

Western District stated, "Because *Griffin* can be broadly read to hold that preliminary hearing cross-examination—even in the absence of the sort of disclosures that discovery would produce—is adequate for confrontation purposes, *Griffin* is not plainly in conflict with *Crawford."* *Aaron,* 218 S.W.3d at 511.