**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Philip RASMUSSEN, Defendant-Appellant.**

### No. SD 34652

Missouri Court of Appeals,
Southern District,
Division Two.

Filed: October 6, 2017

Attorney for Appellant—Christian E. Lehmberg of Columbia, MO.

Attorneys for Respondent—Joshua D. Hawley (Attorney General) and Garrick Aplin of Jefferson City, MO.

Nancy Steffen Rahmeyer, P.J.

Philip Rasmussen ("Defendant") was charged by Second Amended Felony Information with assault in the first degree for allegedly striking Victim "in the neck with a closed fist" on July 23, 2014. Following a trial to a jury that began on July 11, 2016, the jury found Defendant guilty of assault in the second degree, and the trial court sentenced Defendant as a prior and persistent offender to fifteen years in the Department of Corrections.[1] Defendant appeals, and, in a single point, claims that the trial court erred in admitting at trial the preliminary hearing testimony of a witness who was not present for trial.

---

1. The maximum authorized term of imprisonment was fifteen years. The sentence was ordered to run concurrently with other existing sentences.

Viewed in the light most favorable to the jury's verdict,[2] the evidence at trial showed the following. Defendant's conduct occurred in a motel parking lot in Branson in the middle of the day. The manager of the motel requested Victim, who was responsible for maintenance at the motel, to ask Defendant to leave the motel property. When Victim did so, Defendant indicated that he would leave, but then approached Victim from the rear, struck him in the neck with his fist, and ultimately chased Victim, caught Victim near a fence on the motel property and physically threw Victim over the fence. Defendant's blow to Victim's throat caused serious injury to Victim's throat. A woman ("Witness") observed the confrontation between Defendant and Victim from a balcony of the motel. A surveillance video showed Defendant chasing Victim and throwing him over the fence, but the only persons who actually witnessed the confrontation were Victim, Witness and Defendant. At trial, Victim testified, Witness was not present, and Defendant chose not to testify.

However, Witness did appear and testify at Defendant's preliminary hearing on September 2, 2014. The hearing was recorded, Defendant and his attorney were present in person,[3] and Witness was placed under oath, examined by the prosecutor, and subjected to cross examination by defense counsel without any objection by the prosecutor and without the hearing court placing any limits on defense counsel's cross examination. Defense counsel's cross examination specifically explored Witness' ability to perceive accurately the events about which Witness testified. At the conclusion of the hearing, the hearing court ordered Defendant "bound over."

On June 8, 2016, the State filed a motion informing the trial court that the State and Defendant were unable to locate Witness, and requesting that Witness' testimony at the preliminary hearing be admitted at Defendant's trial as the "former testimony of an unavailable witness." The trial court conducted a hearing on the motion at a pretrial conference on June 13, 2016.

At the hearing, an investigator for the prosecutor's office testified as follows. The investigator was assigned to locate Witness. In the course of attempting to locate Witness, the investigator (1) used "MULES," which gave the investigator access to a "nationwide database" known as "NCIC," (2) talked to an individual at the Mid-State Organized Crime Information Center, which is known as "MOCIC," (3) looked on Facebook, and (4) within the last two days and on a prior occasion "several months back," went to Witness' last known address, which was the motel where Defendant's confrontation with Victim occurred. The investigator used Witness' name and Social Security Number in his inquiries to MULES and MOCIC. None of these inquiries revealed any information that permitted the investigator to locate Witness, and the investigator did not "know of any other" "steps that [he] should take ... in reasonable diligence to try to find [Witness]." The trial court ruled "based on the evidence, I conclude that sufficient due diligence has been conducted here," and granted the State's motion.

At trial, Defendant objected to the admission of an audio recording of Witness' testimony at Defendant's preliminary hearing during the prosecutor's opening statement and later when the prosecutor actually sought to admit the recording. The trial court overruled Defendant's ob-

---

2. *State v. Turner*, 242 S.W.3d 770, 771-72 (Mo. App. S.D. 2008).

3. Defendant's attorney at the preliminary hearing was a different attorney than his attorney at trial.

jections. The recording was published to the jury.

Other evidence at trial included (1) Defendant's statements to a police officer that Victim "told [him] to leave the property," Defendant "felt this was unfair" and "felt threatened," Defendant "struck [Victim] in the upper chest to defend himself, and then chased [Victim] to a fence," and Victim "fell over the fence and that [Defendant] did not push [Victim];" (2) Victim's testimony that, after Defendant threw him over the fence, Defendant told Victim "It's a good day to die;" (3) Defendant's flight from the fence and subsequent flight from a uniformed police officer; and (4) Witness' written statement to a police officer that Defendant introduced.

## Standard of Review

■ A trial court has broad discretion over whether to admit or exclude evidence. *State v. Kemp*, 212 S.W.3d 135, 145 (Mo. banc 2007). Thus, we will only reverse a trial court's ruling on the admission of evidence when the trial court has clearly abused its discretion. *Id.* Such "discretion is abused when a ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *Id.* "Whether admission of the challenged testimony violated the Confrontation Clause is a question of law, which the Court reviews de novo." *State v. Justus*, 205 S.W.3d 872, 878 (Mo. banc 2006).

*State v. Smith*, 240 S.W.3d 753, 754 (Mo. App. E.D. 2007).

## Analysis

■ In his sole point relied on, Defendant claims that the "trial court abused its discretion in admitting [Witness'] preliminary hearing testimony" because doing so "violated [Defendant's constitutional] right

to confrontation" in that Witness "was not proved to be unavailable as the State did not diligently attempt to locate [Witness], and [Defendant] was not provided an adequate opportunity to cross-examine [Witness]."

### *Constitutional Right to Confrontation*

■ Under longstanding Missouri law, a witness' testimony at a defendant's preliminary hearing generally is admissible at the defendant's subsequent trial if the witness is unavailable at the trial. *State v. Aaron*, 218 S.W.3d 501, 503 & n.1, 505–06 (Mo. App. W.D. 2007). This rule continues in Missouri even after the United States Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and even though (1) defense counsel may choose not to make full use of the opportunity to cross examine the witness at the preliminary hearing, and (2) the testimony was solicited at the preliminary hearing primarily for a purpose other than establishing probable cause to believe the defendant committed a felony, and even though, in Missouri, (1) the purpose of the preliminary hearing is to determine probable cause and not guilt, (2) the defendant does not have a right to discovery until after the preliminary hearing, and (3) the preliminary hearing occurs outside the presence of the trial jury. *Aaron*, 218 S.W.3d at 506–17; *see also State v. Turner*, 242 S.W.3d 770, 774–77 (Mo. App. S.D. 2008) (similar but less comprehensive statement of rule), *State v. Bennett*, 466 S.W.3d 561, 563–64 (Mo. App. S.D. 2015) (witness' change in status from a "fact witness" at the preliminary hearing to a "potential co-defendant" at trial did not preclude admission of witness' preliminary hearing testimony at trial), and *Smith*, 240 S.W.3d at 755 (in a case in which a victim's statements to police at a police station were admitted based on the

victim's subsequent appearance at the defendant's preliminary hearing, the "lack of discovery before the preliminary hearing did not violate" the defendant's constitutional right to confrontation).

Defendant's brief inexplicably fails to mention *Aaron, Turner,* or any of the other Missouri cases adverse to his position on appeal. Instead, Defendant argues that the limited scope of Defendant's preliminary hearing, and the facts that the preliminary hearing occurred before Defendant had a right to discovery and outside the presence of Defendant's trial jury establish that Defendant did not have an opportunity to cross examine Witness at the preliminary hearing that was adequate to satisfy Defendant's constitutional right to confrontation. All these arguments were rejected in *Aaron* and *Turner*.[4] The audio recording of Defendant's preliminary hearing shows that defense counsel cross examined Witness at the hearing, and that the trial court did not limit in any way defense counsel's cross examination of Witness. In these circumstances, the trial court's admission at trial of Witness' preliminary hearing testimony did not violate Defendant's constitutional right to confrontation if Witness was unavailable at trial.

### *Unavailability*

 ... To prove unavailability of a witness, the prosecution has the burden to prove a good faith effort, exercising reasonable diligence, to obtain the presence of the witness. *State v. Glaese,* 956 S.W.2d 926, 931 (Mo. App. S.D. 1997) .... We review a trial court's finding that the prosecution has made a good faith effort to bring a witness to trial for an abuse of discretion. *State v.*

*Williams,* 554 S.W.2d 524, 534 (Mo. App. S.D. 1977).

*State v. Irby,* 254 S.W.3d 181, 193 (Mo. App. E.D. 2008).

■ In this case, the prosecutor assigned an investigator with the prosecutor's office to locate Witness. The investigator (1) visited Witness' last known address at a motel twice in the months leading up to the trial, (2) utilized Witness' name and Social Security Number in searching multiple law enforcement databases including a nation-wide database, and (3) checked Facebook. None of these inquiries revealed any information that permitted the investigator to locate Witness. Further, slightly less than one month before trial, the investigator testified that he did not "know of any other" "steps that [he] should take ... in reasonable diligence to try to find [Witness]." In light of these facts, the trial court did not abuse its discretion in finding that Witness was unavailable at trial.

Defendant's point is denied, and the trial court's judgment is affirmed.

Jeffrey W. Bates, J.—Concurs

Daniel E. Scott, J.—Concurs

---

**4.** *Turner* did not address the argument that cross examination at the preliminary hearing fails to satisfy a defendant's constitutional right to confrontation because the preliminary hearing takes place outside the presence of the trial jury since the argument was not raised before the trial court. *Turner,* 242 S.W.3d at 774 n.9.